

**NUMBER 13-12-00309-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**SSC EDINBURG OPERATING COMPANY,
L.P. D/B/A RETAMA MANOR NURSING
CENTER – EDINBURG, WRONGFULLY
IDENTIFIED AS SAVA SENIOR CARE
ADMINISTRATIVE SERVICES, L.L.C. D/B/A
RETAMA MANOR NURSING CENTER,**                                    **Appellant,**

**v.**

**MARIA DEL ROSARIO ORTIZ,**                                                   **Appellee.**

---

**On appeal from the County Court at Law No. 4
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion Per Curiam**

Appellee, Maria del Rosario Ortiz, filed suit against appellant, SSC Edinburg

Operating Company, LP d/b/a Retama Manor Nursing Center ("SCC") for wrongful

discharge, and defamation. SCC filed a motion to compel arbitration, which the trial court denied. This appeal followed.

The parties to this appeal have filed a joint motion to enter an agreed judgment. The parties request this Court to enter judgment vacating the trial court's order denying SSC's motion to compel arbitration and to render judgment compelling Ortiz, "to the extent she desires to pursue her claims against [SCC], to utilize [the company's] Employee Dispute Resolution" ("EDR") program. However, Rule 42.1(a)(2) permits this Court to render judgment effectuating the parties' agreements *or* to vacate the trial court's judgment and remand the case to the trial court for rendition of judgment in accordance with the agreement; we cannot do both. *See* TEX. R. APP. P. 42.1(a)(2)(A), (B).

Therefore, after considering the joint motion, it is the Court's opinion that the motion should be GRANTED IN PART AND DENIED IN PART. The motion is DENIED insofar as it requests relief that we cannot grant under the appellate rules. The motion is GRANTED insofar as we VACATE the trial court's order denying SCC's motion to compel arbitration without regard to the merits, and we REMAND the case to the trial court for rendition of judgment in accordance with the parties' agreement. The joint motion does not set out an agreement regarding costs; however, absent an agreement of the parties, the rules of appellate procedure provide that costs are taxed against appellant. *See id.* R. 42.1(d). Accordingly, costs will be taxed against appellant. *See* TEX. R. APP. P. 42.1(d). The appeal is DISMISSED.

PER CURIAM

Delivered and filed the
21st day of March, 2013.